GRAPHIC COMMUNICATIONS IN-TERNATIONAL UNION, LOCAL 31–N, and Graphic Communications International Union, Local 582–M

v.

QUEBECOR PRINTING (USA) CORP. d/b/a Quebecor Printing Glen Burnie.

No. Civ.A. WMN–99–383.

United States District Court, D. Maryland.

April 25, 2002.

Anton G. Hajjar, O'Donnell Schwartz and Anderson PC, Washington, DC, for Plaintiffs.

Steven R. Semler, Ogletree Deakins Nash Smoak and Stewart PC, Washington, DC, Michael S. Moschel, Russell F. Morris, Jr., Bass Berry & Sims, PLC, PH, Nashville, TN, for Defendant.

## MEMORANDUM

NICKERSON, District Judge.

Plaintiffs brought this action alleging that when Defendant permanently closed its printing plant, it failed to provide its employees with adequate notice under the Worker Adjustment Retraining and Notification Act ("WARN" or "the Act"). On June 30, 2000, this Court granted summary judgment in favor of Defendant, holding that the notice provided by Defendant was sufficient under WARN. On June 4, 2001, the United States Court of Appeals for the Fourth Circuit reversed that decision and held that Defendant violated the Act. *Graphic Communications Int'l Union, Local 31–N v. Quebecor Printing Corp.*, 252 F.3d 296 (4th Cir.2001). In that same decision, the Fourth Circuit remanded the action to this Court for a determination of the damages, if any, that Defendant's employees are entitled to receive because of that violation.

In remanding the action, the Fourth Circuit instructed:

In making this determination, the district court must decide whether Quebecor acted in good faith and had reasonable grounds to believe that the September [18][1], 1998 notice satisfied

---

1. The Fourth Circuit referred to a September 11, 1998 notice. Presumably, the September 18, 1998 notice, which the Court identified earlier in its decision, was intended.

its WARN Act obligations. If so, the district court may, in its discretion, reduce the amount of the liability or penalty. 29 U.S.C. § 2104(a)( [4] ).[2] Relevant to this inquiry will be, *inter alia,* whether there was evidence that Quebecor had decided prior to December 15, 1998 to shut down the Glen Burnie Plant; whether Quebecor acted on the advice of legal counsel and reasonably believed that its October notice was sufficient for purposes of the later, permanent plant closing; and evidence of any internal deliberations—to include a description of the possible permanent plant shutdown in the September [18], 1998 notice.

Whether Quebecor's December 16, 1998 notice, in conjunction with its September [18], 1998 notice, was an honest, albeit faulty, effort to comply with the WARN Act and give its employees the best and most timely information regarding their employment prospects, or whether it was motivated by a desire to avoid paying whatever benefits would otherwise be due employees over that 60 day period, is a matter for the district court in the first instance.

*Id.* at 301–02.

Plaintiffs have now filed a motion for summary judgment urging this Court to enter judgment in favor of Plaintiffs for $960,529.55, an amount equal to the entire cumulative salaries of Defendant's former employees for the sixty days that Defendant was in violation of the Act. In so urging, Plaintiffs contend that this Court need not follow the Fourth Circuit's instruction to first determine whether Defendant acted in "good faith." Plaintiffs argue that Defendant waived its right to rely on § 2104(a)(4)'s good faith provision by failing to specifically cite to that provision as an affirmative defense in its answer. Should the Court disagree with that position and find that Defendant has not waived the protections of the good faith provision, Plaintiffs ask, in the alternative, that the Court allow three months of additional discovery on issues related to Defendant's good faith.

The Court finds that the right to a potential good faith reduction in liability has not been waived. Although Defendant may not have specifically and expressly invoked the protections of § 2104(a)(4) in its answer,[3] the Court finds that Defendant has consistently asserted its good faith compliance with WARN Act requirements throughout this litigation. Defendant asserted in its answer and argued in its pleadings that it believed that its September 18, 1998 notice was proper notice under the WARN Act. *See, e.g.,* Answer at ¶¶ 22, 23; Defendant's Mot. for Summary Judgment at 9–14. Defendant has also asserted throughout this litigation that, because its employees had no expectation of

---

**2.** The Fourth Circuit referred to 29 U.S.C. § 2104(a)(5). Presumably, § 2104(a)(4), the WARN Act's "good faith" provision, was intended. Section 2104(a)(4) provides,

If an employer which has violated this chapter proves to the satisfaction of the court that the act or omission that violated this chapter was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this chapter the court may, in its discretion, reduce the amount of the liability or penalty provided for in this section.

**3.** Defendant did specifically reference and quote the good faith provision of the Act in a letter filed on the same day as its summary judgment motion. *See* Defendant's Letter dated March 13, 2000, Paper No. 23, at 2 (noting, " *'the court may, in its discretion, reduce the amount of the liability or penalty '* if it finds that the employer was acting in 'good faith' and had reasonable grounds to believe that it was not in violation of the law. 29 U.S.C. § 2104(a)(4).") (emphasis supplied by Defendant).

a return to work until May 30, 1999 at the earliest, it believed that its employees received well over the 60 day notice required under the Act. *See, e.g.,* Answer at ¶ 28; Motion at 14–18. Furthermore, Defendant's reasonable belief as to its compliance with WARN was the subject of at least some discovery. *See* Defendant's Opp. (Paper No. 43) at 12–16.

Thus, issues of Defendant's good faith, or lack thereof, have been at the heart of this litigation throughout: issues such as, whether Defendant believed it was in compliance with WARN when it issued its notices, whether Defendant considered issuing a permanent plant closure notice earlier, and whether Defendant intentionally delayed giving notice so as not to lose workers prior to the closure. Plaintiffs cannot legitimately claim unfair surprise or prejudice. As Plaintiff's current motion is premised on the assumption that Defendant waived the right to have damages reduced based upon a showing of good faith, the Court will deny the motion for summary judgment.

Given that considerable discovery has been taken relative to good faith issues, the Court is not convinced that significant additional discovery is required. Nonetheless, as Defendant has indicated that it does not oppose Plaintiff's alternative request for additional discovery, that portion of the motion will be granted. A separate order will issue.

### ORDER

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this day of April, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion for Summary Judgment or, in the Alternative, Motion for Additional Time to Conduct Discovery, Paper No. 39, is GRANTED in part and DENIED in part, in that the motion is DENIED as to Plaintiff's request for entry of summary judgment, but GRANTED as to Plaintiff's request for 3 months from the date of this order in which to conduct discovery limited to issues related to Defendant's good faith or lack thereof; and

2. That the Clerk of the Court shall mail copies of the foregoing Memorandum and this Order to all counsel of record.